JOHN W. DUBREE, d. b. app't. *vs.* JOSHUA PUSEY, p. b. resp't.

Rule narr. on a plaintiff, against whom there were too returns of non est inventus.

APPEAL from the judgment of a justice of the peace in an action of assumpsit.

*Mr. Patterson* moved in this case for a rule on the plaintiff to file his narr. by Thursday of next week. He had issued two citations, and had two returns of non est inventus. He revived the question started in *Jeans* vs. *Milford,* 3 *Harr. Rep.,* 48, as to the mode of proceeding where the plaintiff below will not appear to the appeal.

He said that in many other cases the court had held two returns of "nihil" or of "non est," as equivalent to a citation; and some such rule was necessary in this case, to proceed in the appeal. The law secures the right of appeal to a defendant, which would be inoperative, unless there can be a mode of compelling the plaintiff to appear to the appeal.

*The Court* laid the rule as prayed, that the plaintiff declare by Thursday next, or judgment of non pros., treating him as cited.

*Patterson,* for defendant.

---

## MAYOR, &c., OF WILMINGTON *vs.* JOHN HEDGES and JOHN McCLUNG.

The rule for affidavit of defence, under *Code,* 2305, applies to the case of an indorser of a promissory note.

THE action was against the defendants, as indorsers of Joseph S. Hedges, on a promissory note drawn by him, in favor of defendants, and endorsed by them to plaintiffs, a copy of which was filed, and affidavit made under section 4, *Code,* 377.

*Mr. L. Wales,* for plaintiff, moved for judgment by default at the return of the process, for want of an affidavit of defence.

*Mr. Gordon* objected that this was not an action on the note, but to charge the defendants on their guaranty of endorsement, which was the cause of action as to them; and that, therefore, the case did not come within the provisions of the *Code,* authorizing summary judgments.